**MARQUIS FINANCIAL SERVICES OF INDIANA, INC., d/b/a Marquis Financial Services, Inc., Respondent,**

v.

**Frederick PEET, Appellant.**

**No. ED 99094.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 7, 2013.

Robert P. Berry, Kelley F. Farrell, Berry & Maxson LLC, St. Louis, MO, for Appellant.

Michael B. Katz, MBK and Associates, LLC, St. Louis, MO, for Respondent.

Before: LAWRENCE E. MOONEY, P.J., PATRICIA L. COHEN, J., and KURT S. ODENWALD, J.

## ORDER

PER CURIAM.

Frederick Peet ("Peet") appeals from the trial court's denial of his motion for an order confirming Peet's satisfaction of a judgment entered against him in favor of Marquis Financial Services, Inc. ("Marquis") following a jury trial. In its verdict, the jury awarded Marquis actual damages, attorney fees, and interest in the amount of $469,827.21 against Peet on its claim of unjust enrichment. The jury also awarded Marquis $500,000 in punitive damages, but no actual damages on its claim of fraud. The trial court entered a judgment of $969,827.21 against Peet consistent with the jury's total damage award. On direct appeal, this Court reversed the trial court's judgment on the fraud count, but affirmed the judgment in all other respects. Following remand to the trial court, Peet paid Marquis $117,000, which is the amount Peet claims was awarded to Marquis in the trial court's judgment for actual damages and interest on the unjust enrichment claim. Peet claims that the additional amounts awarded under the trial court's judgment related solely to Marquis's fraud claim, which was reversed on direct appeal. The trial court denied Peet's motion for an order acknowledging Peet's satisfaction of judgment. Peet appeals from that judgment.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b)(5).